**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MOHAMMAD SHAIKH, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) NO. 19-cv- ) |
| v. | ) ) |
| CICERO HOSPITALITY GROUP, LLC, a Florida limited liability company, | ) ) ) |
| Defendants. | ) ) ) |

**NOTICE OF REMOVAL**

To:   The United States District Court for the Northern District of Illinois.

Plaintiff's Counsel:

| | |
|---|---|
| Benjamin H. Richman | David Fish |
| J. Eli Wade-Scott | John Kunze |
| Edelson PC | The Fish Law Firm, P.C. |
| 350 North LaSalle Street, 14th Floor | 200 East Fifth Avenue, Suite 123 |
| Chicago, IL 60654 | Naperville, IL 60563 |
| P: 312.589.6370 | P: 630.355.7590 |
| F: 3125896378 | F: 630.778.0400 |
| Firm ID: 62075 | Firm ID: 44086 |
| brichman@edelson.com | dfish@fishlaw.com |
| ewadescott@edelson.com | jkunze@fishlaw.com |

Defendant CICERO HOSPITALITY GROUP, LLC, a Florida limited liability company, by and through its attorneys, Lewis Brisbois Bisgaard & Smith LLP, hereby provides notice pursuant to 28 U.S.C. §§1441 and 1446, and in the alternative under 28 U.S.C. §1446, and the jurisdictional provisions of the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. §1332(d)(2) and 28 U.S.C. §1453(b), of the removal of the above-captioned matter from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois. The grounds for removal are as follows:

## I. CLAIMS ASSERTED AND RELIEF SOUGHT

1. Plaintiff, Mohammad Shaikh ("Shaikh"), purports to state a claim against Defendant CICERO HOSPITALITY GROUP, LLC under the Illinois Biometric Information Privacy Act 740 ILCS 14/1, et seq. ("BIPA"). (See Exhibit A, Class Action Complaint, ¶20). Shaikh seeks declaratory relief, injunctive relief, statutory and other damages associated with the alleged violations of BIPA by Defendant. (*Id*. at ¶52).

2. More specifically, Shaikh alleges that, pursuant to BIPA, a private entity may not obtain or possess biometrics from any individual unless that entity first: (a) informs the individual in writing of the specific purpose and length of term for which that biometric data is being collected, stored and used; (b) publishes publicly written retention schedules and guidelines for permanent destruction of the biometric data; and (c) receives a written release from the person for the collection of such biometric data. (*Id*. at ¶14).

3. Shaikh alleges that Defendant disregards these alleged obligations and instead unlawfully collects, stores, and uses employees' biometric identifiers and information, without ever receiving the individual informed written consent required by BIPA. (*Id*. at ¶20).

4. Additionally, Shaikh alleges that Defendants violate BIPA by failing to have in place retention schedules and guidelines for permanently destroying Shaikh's and other similarly-situated individuals' biometric data (*Id*. at ¶24).

5. Shaikh purports to represent a class of individuals who were "[a]ll residents of the State of Illinois who had their fingerprint collected, captured, received, otherwise obtained, or disclosed by Cicero in Illinois." (*Id*. at ¶ 35).

6. Shaikh, on behalf of himself and the prospective class members, seeks damages including 1) injunctive relief; 2) statutory damages of $5,000 for *each* willful and/or reckless

violation of BIPA; 3) $1,000 for *each* negligent violation of BIPA; 4) litigation expenses and attorneys' fees and 5) pre- and post-judgment interest. *Id.* at Prayer for Relief. Defendant disputes that Shaikh or any purported class member, if a class is certified, is entitled to any damages. (*Id*. at ¶52).

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446.

7. This case is subject to removal under 28 U.S.C. §§ 1332, 1441 and 1446. As set forth below, this is a putative class action in which (A) Plaintiff and all those similarly situated are domiciled in Illinois; (B) Defendant is not a citizen of Illinois; and (C) the aggregate amount in controversy allegedly exceeds $75,000.

### A. Diversity of Citizenship

8. This matter is properly removable pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, as this Court has jurisdiction over this case based on diversity of citizenship of the parties.

9. A limited liability company like CICERO HOSPITALITY GROUP, LLC, is an incorporated association and is a citizen of the state where it has its principal place of business as well as the state under whose laws it is organized. 28 U.S.C. § 1332(d)(10). Here, CICERO HOSPITALITY GROUP, LLC, is a Florida limited liability company (Comp. ¶ 14) and has its principal place of business in Michigan. Further, no member of Cicero Hospitality Group, LLC, is a resident or citizen of the State of Illinois.

10. Plaintiff brings this suit on behalf of a putative class of individuals "[a]ll residents of the State of Illinois who had their fingerprint collected, captured, received, otherwise obtained, or disclosed by Cicero in Illinois." (Comp. ¶ 35). Plaintiff alleges he "is, and at all times relevant hereto has been, a resident and citizen of the State of Illinois." (*Id.* ¶ 7).

11. Thus, there is diversity of citizenship between all prospective class members,

including the Plaintiff, (Illinois) and CICERO HOSPITALITY GROUP, LLC, (Florida and Michigan).

### B. CLASS ACTION CONSISTING OF MORE THAN 100 MEMBERS.

12. As mentioned above, plaintiff purports to represent a class of individuals who were "[a]ll residents of the State of Illinois who had their fingerprint collected, captured, received, otherwise obtained, or disclosed by Cicero in Illinois." (Comp. ¶ 35).

13. Plaintiff further alleges that although the exact number of Class members is unknown, Defendant allegedly "obtained biometric identifiers or biometric information from at least hundreds of employees who fall into the definition of the Class." (Comp. ¶ 36).

14. Based on the allegations in the Complaint, the aggregate number of class members in plaintiff's proposed class is greater than 100 for purposes of 28 U.S.C. § 1332(d)(5)(B).

### C. THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED.

12. Shaikh alleges damages of $5,000.00 for *each* violation of BIPA for each class member, which remains uncertain but is allegedly over 100 members. Therefore, on good faith information and belief, Plaintiff is seeking damages in excess of $75,000.00. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014) (stating "a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.")

13. Therefore, the United States District Court of the Northern District of Illinois has original jurisdiction over this matter pursuant to 28 U.S.C. §1332(a)(2)(c)(1), as there is complete diversity of citizenship between the parties and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

### III. THE PROCEDURAL REQUIREMENTS OF REMOVAL ARE MET.

14. Pursuant to 28 U.S.C. § 1441(a), true and correct copies of all process, pleadings, orders and other documents filed in the state court action are attached as Exhibit A.

15. Plaintiff's Complaint was served on Defendant Cicero Hospitality Group, LLC. on or about June 6, 2019 (See **Exhibit B** – Cook County Case Information Summary). Section 1446(b)(1) requires a notice of removal to be filed within thirty days of the service of a complaint upon the defendant. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (Thirty-day time limit for removal runs from date of formal service of the initial complaint). Accordingly, this Notice was timely filed.

16. The United State District Court for the Northern District of Illinois presides in the locality in which the state court action is now pending. It is therefore a proper forum for removal. *See* 28 U.S.C. §§ 93(c), 1441(a).

17. A copy of this Notice of Removal is being served on Plaintiff, and a copy is being filed with the state court. *See Id.* § 1446(d).

### IV. *IN THE ALTERNATIVE*, REMOVAL IS PROPER REMOVAL UNDER THE CLASS ACTION FAIRNESS ACT

18. CAFA grants United States District Courts original jurisdiction over "any civil action": (a) in which the "matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs"; and (b) which is a "class action" in which, among other things "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §1332(d)(2). These requirements are met in the instant case.

19. A "class action" for purposes of CAFA is defined as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. §1332(d)(1)(B).

20. As noted, Shaikh seeks to bring a BIPA claim on behalf of purports to represent a class of individuals who were "[a]ll residents of the State of Illinois who had their fingerprint collected, captured, received, otherwise obtained, or disclosed by Cicero in Illinois." (Comp. ¶ 35).

21. As stated in Section II.A above, there exists complete diversity of citizenship between the parties.

22. Shaikh alleges that the class is made up of "hundreds" of members (Comp. ¶ 36).

23. CAFA provides that the District Court shall have original jurisdiction "of any civil action in which matter in controversy exceeds the sum or value of $5,000,000.00 exclusive of interests and costs . . . ." 28 U.S.C. §1332(d)(2). For purposes of determining the amount in controversy, CAFA requires that "the claims of the individual class members shall be aggregated. . . ." 28 U.S.C. §1332(d)(6).

24. While Defendant denies that it is liable to Shaikh and any class member for any damages, the matter in controversy threshold under 28 U.S.C. §1332(d)(2) is not legally impossible based on his allegations that Defendant committed multiple violations of BIPA and that BIPA provides statutory damages of $5,000 for an intentional or reckless violation, and $1,000 for a negligent violation, 740 ILCS 14/20. *See Spivey v. Vertrue*, 528 F.3d 982, 983 (7th Cir. 2008). (For removal purposes under CAFA, defendant need only show that the recovery at the $5,000,000.00 jurisdictional threshold is "not legally impossible").

**V. PROCEDURE FOR REMOVAL IS MET UNDER CAFA**

29. Defendant was served with the Complaint in this matter on or about June 6, 2019. Defendant is filing this notice within 30 days of the date of service. Therefore, this Notice of Removal is timely under 28 U.S.C. §1446(b). Regardless, this Notice of Removal is being filed within 30 days of Shaikh filing his Complaint.

30. Defendant is the only named Defendant in the case and therefore no consent from is needed from any other party.

31. Removal to this Court is proper because the United States District Court for the Northern District of Illinois, Eastern Division is the District Court of the United States for the district and division embracing the Circuit Court of Cook County, Illinois. 28 U.S.C. § 93(a)(1).

32. A copy of all process, pleadings and orders served upon Defendant are attached as Exhibit A in accordance with 28 U.S.C. §1446(a).

33. Defendant is filing notice of the removal of this action with the Circuit Court Cook County in accordance with 28 U.S.C. §1446(d).

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Defendant Cicero Hospitality Group, LLC, respectfully demands a jury trial on all triable issues in this action.

## CONCLUSION

WHEREFORE, Defendant Cicero Hospitality Group, LLC, respectfully requests that this action be removed from the Circuit Court of Cook County, Illinois, and that this court accept jurisdiction over this action and place it on this court's docket for further proceedings, as though it was originally initiated in this court.

Date: June 14, 2019

        Respectfully submitted,

        **LEWIS BRISBOIS BISGAARD & SMITH**

        By: /s/ Thomas M. Wolf
        One of the Attorneys for Cicero Hospitality Group, LLC, a Florida limited liability company.

Josh M. Kantrow – Josh.Kantrow@lewisbrisbois.com
Thomas M. Wolf – Thomas.Wolf@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
550 West Adams Street, Suite 300
Chicago, Illinois 60661
P: 312-345-1718
F: 312-345-1778
Firm ID No. 41737

*Attorneys for Cicero Hospitality Group, LLC, a Florida limited liability company.*